# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES MERTENS et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:24-cv-01405-RHH |
| JOE BIDEN et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Eight self-represented plaintiffs filed this action in October 2024 against more than two hundred defendants, asserting claims under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), and various state-law theories. (ECF No. 1). Since then, multiple Court mailings have been returned as undeliverable. (ECF Nos. 12, 13, 16, 17). The Court has also stricken a supplement filed by plaintiff James Mertens that contained salacious and irrelevant material. (ECF No. 15). Having reviewed the record, the Court finds multiple procedural and substantive deficiencies.

**I.      Filing Deficiencies and Amendment**

      **A.      Joinder of Parties**

The complaint names eight plaintiffs and more than two hundred defendants. Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of parties only when the claims arise out of the same transaction or occurrence and share a common question of law or fact. The complaint does not plausibly allege such a connection.

### B. Pleading Standards

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Here, the 137-page complaint is sprawling and incoherent, rather than simple and direct.

### C. Signatures

Rule 11(a) requires every unrepresented party to personally sign each pleading. Local Rule 2.11 provides that a typed name counts as a signature only when the filer submits the document through that person's own electronic account. Here, plaintiffs typed their names in the signature block without using electronic filing accounts. Mertens's IFP motion suffers the same defect. Accordingly, the signatures are invalid.

### D. Representation

Only James Mertens signed the civil cover sheet and moved for leave to proceed *in forma pauperis* (IFP). The other plaintiffs have neither paid the filing fee nor sought IFP status, and have filed nothing since commencing this action in October 2024. A pro se litigant cannot litigate on behalf of others. *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001).

### E. Amendment

For these reasons, the Court denies Mertens's IFP motion and strikes plaintiffs Michelle Marryann Dickerson, Alexandra Marie Dean, Brooke J. Marr, Whitney Thompson, Ariel Alton, Justin E. Shire, and Ryan Nicholas Brown.

Mertens, as the sole remaining plaintiff, must file an amended complaint and renewed IFP motion on the Court-provided forms within 30 days of the date of this order. He must sign both documents in accordance with Rule 11 and Local Rule 2.11.

The amended complaint must include a short and plain statement of the claim showing that Mertens is entitled to relief. All factual allegations must be simple, concise, and direct. Mertens must organize his allegations into clear, numbered paragraphs. Each paragraph should address a specific claim or event in a logical and coherent manner, with a clear connection to the legal claims asserted. Mertens should not simply copy his prior allegations.

If Mertens opts to name more than a single defendant in the amended complaint, he must limit the amended complaint to claims that arise out of the same transaction or occurrence and share a common question of law or fact.

Mertens shall identify, to the best of his ability, the specific legal claims he is asserting, and shall link each claim to the appropriate facts. He must plead facts demonstrating each defendant's personal involvement in the events that allegedly violated his rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). For each claim, Mertens must also describe the injury or harm he suffered and identify the specific relief he seeks.

The amended complaint will completely replace the original.

**II.    Mailing Address**

Several Court mailings have been returned as undeliverable, raising doubt about Mertens's current mailing address. Local Rule 2.06(B) requires every self-represented party to promptly notify the Clerk of any change of address.

Mertens shall, within 30 days of the date of this order, provide the Court with his current mailing address and show cause why this action should not be dismissed for failure to comply with Local Rule 2.06(B).

Accordingly,

**IT IS HEREBY ORDERED** that Michelle Marryann Dickerson, Alexandra Marie Dean, Brooke J. Marr, Whitney Thompson, Ariel Alton, Justin E. Shire, and Ryan Nicholas Brown are **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that plaintiff James Mertens's motion for leave to proceed *in forma pauperis* is **DENIED** without prejudice. (ECF No. 2).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Mertens a copy of the Court's "Civil Complaint" and "Application to Proceed in District Court Without Prepaying Fees and Costs" forms.

**IT IS FURTHER ORDERED** that Mertens shall fully complete and return both forms **within 30 days** of the date of this order in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Mertens shall inform the Court of his current address **within 30 days** of the date of this order.

Failure to comply with this order in any way will result in the dismissal of this action without prejudice and without further notice.

Dated this 15th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE